1 │ MERRICK B. GARLAND
  │ Attorney General of the United States
2 │ TRACY L. WILKISON
  │ United States Attorney
3 │ SCOTT M. GARRINGER
  │ Assistant United States Attorney
4 │ Chief, Criminal Division
  │ MARK A. WILLIAMS (Cal. Bar No. 239351)
5 │ Special Attorney Appointed Under 28 U.S.C. § 515
  │ DENNIS MITCHELL (Cal. Bar No. 116039)
6 │ Special Attorney Appointed Under 28 U.S.C. § 515
  │ ERIK M. SILBER (Cal. Bar No. 190534)
7 │ Special Attorney Appointed Under 28 U.S.C. § 515
  │         1300 United States Courthouse
8 │         312 North Spring Street
  │         Los Angeles, California 90012
9 │         Telephone:  (213) 894-3359/2484/2231
  │         E-mail:     mark.a.williams@usdoj.gov
10│                     dennis.mitchell@usdoj.gov
  │                     erik.silber@usdoj.gov
11│
  │ Attorneys for Plaintiff
12│ UNITED STATES OF AMERICA

13│                    UNITED STATES DISTRICT COURT

14│                    FOR THE DISTRICT OF HAWAII

15│ UNITED STATES OF AMERICA,          Case No.  19-CR-00162-JMS
  │                                    Case No.  21-CR-00140-JMS
16│                 Plaintiff,
  │                                    PLEA AGREEMENT FOR DEFENDANT
17│            v.                      MONSANTO COMPANY

18│ MONSANTO COMPANY,

19│                 Defendant.

20│

21│

22│      1.    This constitutes the binding plea agreement between

23│ defendant MONSANTO COMPANY ("defendant" or "Monsanto") and the

24│ United States Attorney's Office for the Central District of

25│ California, acting as Special Attorney in the District of Hawaii

26│ ("the USAO"), in the two above-captioned cases.  This agreement is

27│ limited to the USAO and cannot bind any other federal, state, local,

28│

                                    1

1  or foreign prosecuting, enforcement, administrative, or regulatory

2  authorities.

RULE 11(c)(1)(C) AGREEMENT

4      2.    Defendant understands that this agreement is entered into

5  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

6  Accordingly, defendant understands that, if the Court determines

7  that it will not accept this agreement, absent a breach of this

8  agreement by defendant prior to that determination, this agreement

9  will, with the exception of paragraph 21 below, be rendered null and

10  void and both defendant and the USAO will be relieved of their

11  obligations under this agreement.   Defendant agrees, however, that

12  if defendant breaches this agreement prior to the Court's

13  determination whether or not to accept this agreement, the breach

14  provisions of this agreement, paragraphs 23 and 24 below, will

15  control, with the result that defendant will not be able to withdraw

16  any guilty pleas entered pursuant to this agreement, the USAO will

17  be relieved of all of its obligations under this agreement, and the

18  Court's failure to follow any recommendation or request regarding

19  sentence set forth in this agreement will not provide a basis for

20  defendant to withdraw defendant's guilty pleas.

DEFENDANT'S OBLIGATIONS

22      3.    Defendant agrees to:

23          a)    At the earliest opportunity requested by the USAO and

24  provided by the Court, appear and plead guilty to counts one and two

25  of the information in United States v. Monsanto Company, No. 19-CR-

26  00162-JMS, which charges defendant with two felony counts of

27  unlawful storage of acute hazardous waste in violation of 42 U.S.C.

28  § 6928(d)(2)(A).

2

b)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the 30-count information filed independently in a separate case number, in the form attached to this agreement as Exhibit A or a substantially similar form, charging defendant with knowingly using a pesticide inconsistent with its label in violation of 7 U.S.C. §§ 136j(a)(2)(G), 136l(b)(1)(A).

c)   Not contest facts agreed to in this agreement.

d)   Abide by all agreements regarding sentencing contained in this agreement, and affirmatively recommend to the court that it impose sentence in accordance with paragraph 15 of this agreement.

e)   Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f)   Not commit any federal felony or misdemeanor offense or state felony offense; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g)   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

h)   Pay the applicable special assessment, community service payments, and fine no more than 14 days from the sentencing hearing date.

i)   Because defendant committed the 30 misdemeanor violations identified in paragraph 3(b) above (and explained in more detail in Exhibit C to this agreement) in violation of the 2019 deferred prosecution agreement between the parties, defendant agrees

3

that the 2019 deferred prosecution agreement between the parties does not require dismissal of the felony unlawful storage of acute hazardous waste charges identified in paragraph 3(a) above. Instead, as stated above, defendant agrees to plead guilty to those charges.

### THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

   a)   Not contest facts agreed to in this agreement.

   b)   Abide by all agreements regarding sentencing contained in this agreement, and affirmatively recommend to the court that it impose sentence in accordance with paragraph 15 of this agreement.

### CORPORATE AUTHORIZATION

5.   Defendant represents that it is authorized to enter into this agreement.  On or before the change of plea hearing pursuant to this agreement, defendant shall provide the USAO and file with the Court a notarized legal document(s) certifying that defendant is authorized to enter into and comply with all of the provisions of this agreement.  Such legal document(s) shall designate a company representative who is authorized to take the actions specified in this agreement, and shall also state that all legal formalities for such authorizations have been observed.

### ORGANIZATIONAL CHANGES AND APPLICABILITY

6.   This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest") including, but not limited to, Monsanto Company, Monsanto Technology LLC, Bayer Production Supply LLC, Monsanto Production

Supply LLC, and each entities' wholly owned corporate subsidiaries. Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the District of Hawaii with reasonably prompt notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

NATURE OF THE OFFENSES

7. Charges Filed in 2019 (Pursuant to Deferred Prosecution Agreement): Defendant understands that for defendant to be guilty of the felony crimes charged in counts one and two of the three-count information in United States v. Monsanto Company, 19-CR-00162-JMS, that is, unlawful storage of an acute hazardous waste, in violation of 42 U.S.C. § 6928(d)(2)(A), the following must be true: (1) defendant knowingly stored more than one kilogram of an acute hazardous waste; (2) defendant knew that the material had the substantial potential to be harmful to others or to the environment; and (3) defendant did not have a permit or interim status.

8. New Charges: Defendant understands for defendant to be guilty of the 30-count misdemeanor information in the separately charged case, that is knowingly using a pesticide inconsistent with its labeling in violation of 7 U.S.C. §§ 136j(a)(2)(G), 136l(b)(1)(A), the following must be true: (1) defendant was a

5

registrant; and (2) defendant knowingly used a registered pesticide inconsistent with its labeling.

### PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 42 U.S.C. § 6928(d)(2)(A) is: five years' probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

10.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 7 U.S.C. §§ 136j(a)(2)(G), 136l(b)(1)(A) is: five years' probation; a fine of $200,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

11.   Defendant understands that the statutory maximum sentence that the Court can impose for violation of all 32 counts in the two separate informations is: (1) ten years' probation; (2) a fine of $7,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and (3) a mandatory special assessment of $4,550.

### SUSPENSION, REVOCATION, AND DEBARMENT

12.   Defendant understands that if defendant holds any regulatory licenses or permits, the convictions in this case may result in the suspension or revocation of those licenses and permits.   The USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various

federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.  Defendant understands that unanticipated collateral consequences such as this will not serve as grounds to withdraw defendant's guilty pleas.

                              FACTUAL BASIS

        13.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts attached hereto as Exhibits B and C, which are incorporated by reference herein, and agree that the statement of facts are sufficient to support the pleas of guilty to the charges in the two informations described in this agreement as well as the sentence, conditions of probation, compliance program, fine, and community service payments specified in this agreement.  The attached statement of facts is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

                          SENTENCING AGREEMENT

        14.   Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization violating statutes relating to the environment, but that all other sections of Chapter 8 of the U.S.S.G. are applicable in this case, including the provisions regarding probation and restitution.  Defendant understands that in determining defendant's sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), including the kinds of

                                    7

1  sentence and sentencing range established under the Sentencing

2  Guidelines. Defendant agrees that at the time of sentencing the

3  Court may consider any uncharged conduct in determining the

4  applicable Sentencing Guidelines range, the propriety and extent of

5  any departure from that range, and the sentence to be imposed after

6  consideration of the Sentencing Guidelines and all other relevant

7  factors under 18 U.S.C. § 3553(a).

8      15. Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2 and the factors

9  set forth in Title 18, United States Code, Section 3553(a),

10  including the nature and circumstances of the offense and the

11  history and characteristics of the defendant, the need for the

12  sentence imposed to reflect the seriousness of the offense, to

13  promote respect for the law, to provide just punishment for the

14  offense, to afford adequate deterrence to criminal conduct, and to

15  protect the public from further crimes of the defendant, the parties

16  agree that defendant shall be sentenced as follows:

17      a) Probation: Defendant shall be sentenced to a three-

18  year term of probation with conditions to be fixed by the Court,

19  including, but not limited to, the conditions of probation set forth

20  in Exhibit D to this agreement.

21      b) Criminal Fine: Defendant shall pay a criminal fine of

22  $6,000,000. The criminal fine shall be paid by certified check or

23  wire transfer to the Clerk of the United States District Court for

24  the District of Hawaii, and confirmation of the completed wire

25  transfer or certified check shall be provided by defendant to the

26  USAO, within 14 days of the date the sentence is imposed.

27      c) Community Service Payments: Defendant shall pay a

28  total of $6,000,000 in the form of community service payments to the

Hawaii government entities as described in the conditions of probation set forth in Exhibit D to this agreement, within 14 days of the date the sentence is imposed.

   d) <u>Special Assessment</u>: Defendant shall pay a total special assessment of $4,550 within 14 days of the date the sentence is imposed.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

  16. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to be represented by counsel at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF STATUTE OF LIMITATIONS</u>

  17. Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offenses

9

to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offenses to which defendant is pleading guilty because of the expiration of the statute of limitations for the offense prior to the filing of the informations alleging the offenses; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

## WAIVER OF APPEAL OF CONVICTIONS

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.   Defendant agrees that, provided the Court imposes the sentence specified in paragraph 15, defendant gives up the right to appeal any portion of the sentence.

20.   The USAO agrees that, provided the Court imposes the sentence specified in paragraph 15, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEAS

21.   Defendant agrees that if, after entering the guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing one or more of defendant's guilty pleas on any basis other than a claim and finding that entry into this agreement was

10

1   involuntary, then: (a) the USAO will be relieved of all of its

2   obligations under this agreement; and (b) should the USAO choose to

3   pursue any charge or any civil, administrative, or regulatory action

4   that was either dismissed or not filed as a result of this

5   agreement, then (i) any applicable statute of limitations will be

6   tolled between the date of defendant's signing of this agreement and

7   the filing commencing any such action; and (ii) defendant waives and

8   gives up all defenses based on the statute of limitations, any claim

9   of pre-indictment delay, or any speedy trial claim with respect to

10   any such action(s), except to the extent that such defenses existed

11   as of the date of defendant's signing this agreement.

12                     EFFECTIVE DATE OF AGREEMENT

13       22.   This agreement is effective upon signature and execution

14   of all required certifications by defendant, defendant's counsel,

15   and government counsel.

16                        BREACH OF AGREEMENT

17       23.   Defendant agrees that if defendant, at any time after the

18   signature of this agreement and execution of all required

19   certifications by defendant, defendant's counsel, and government

20   counsel, knowingly violates or fails to perform any of defendant's

21   obligations under this agreement ("a breach"), the USAO may declare

22   this agreement breached.   All of defendant's obligations are

23   material, a single breach of this agreement is sufficient for the

24   USAO to declare a breach, and defendant shall not be deemed to have

25   cured a breach without the express agreement of the USAO in writing.

26   If the USAO declares this agreement breached, and the Court finds

27   such a breach to have occurred, then: (a) if defendant has

28   previously entered guilty pleas pursuant to this agreement,

11

defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

24.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement attached to this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

25.    Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or the sentence.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

26.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

27.    Defendant understands that, except as set forth herein, and in the parties' tolling agreements, there are no promises,

1   understandings, or agreements between the USAO and defendant or

2   defendant's attorney, and that no additional promise, understanding,

3   or agreement may be entered into unless in writing signed by all

4   parties or on the record in court.

5   ///

6   ///

14

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

MERRICK B. GARLAND
Attorney General of the United States

TRACY L. WILKISON
United States Attorney

_____          12/8/21
MARK A. WILLIAMS                            Date
DENNIS MITCHELL
ERIK M. SILBER
Special Attorneys Appointed Under
28 U.S.C. § 515


_____          _____
NAME:                                       Date

TITLE:

Authorized Representative of
Defendant
MONSANTO COMPANY


_____          _____
ALICE S. FISHER                             Date
Attorney for Defendant
MONSANTO COMPANY


_____          _____
WILLIAM M. HARSTAD                          Date
Attorney for Defendant
MONSANTO COMPANY

15

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

    28.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

MERRICK B. GARLAND
Attorney General of the United States

TRACY L. WILKISON
United States Attorney


_____    Date
MARK A. WILLIAMS
DENNIS MITCHELL
ERIK M. SILBER
Special Attorneys Appointed Under
28 U.S.C. § 515



_____*signature*_____    12/6/21
NAME: Mary M. Shaffer    Date
TITLE: Senior Assistant General Counsel

Authorized Representative of
Defendant
MONSANTO COMPANY

_____*signature*_____    12/06/2021
ALICE S. FISHER    Date
Attorney for Defendant
MONSANTO COMPANY

_____*signature*_____    12/6/2021
WILLIAM M. HARSTAD    Date
Attorney for Defendant
MONSANTO COMPANY

15

CERTIFICATION OF DEFENDANT

I have been authorized by defendant MONSANTO COMPANY ("defendant") to enter into this agreement on behalf of defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with defendant's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of defendant. I have discussed the evidence with defendant's attorney, and defendant's attorney has advised me of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or to defendant other than those contained in this agreement. No one has threatened or forced me or defendant in any way to enter into this agreement. I am satisfied with the representation of defendant's attorney in this matter, and I am pleading guilty on behalf of defendant because defendant is guilty of the charges and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

NAME: Mary M. Shaffer                          Date 12/6/21

TITLE: Senior Assistant General Counsel

Authorized Representative of
Defendant
MONSANTO COMPANY

16

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant MONSANTO COMPANY's attorney.  I have carefully and thoroughly discussed every part of this agreement with the authorized representative of my client.  Further, I have fully advised my client and its authorized representative of its rights, of possible motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        12/06/2021
ALICE S. FISHER                         _____
Attorney for Defendant                  Date
MONSANTO COMPANY

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant MONSANTO COMPANY's attorney.  I have carefully and thoroughly discussed every part of this agreement with the authorized representative of my client.  Further, I have fully advised my client and its authorized representative of its rights, of possible motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____         12/6/2021
WILLIAM M. HARSTAD                       Date
Attorney for Defendant
MONSANTO COMPANY